# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 12-312V
### (Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| KATIE LAMARE, | \* | |
| | \* | Filed:  October 30, 2015 |
| Petitioner, | \* | |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH AND | \* | Motion for Redaction; |
| HUMAN SERVICES, | \* | Human Papillomavirus ("HPV") |
| | \* | Vaccines; Unwarranted Invasion |
| Respondent. | \* | of Privacy; Supplemental Motion. |
| | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Paul Dannenberg*, Paul S. Dannenberg Law Offices, Huntington, VT, for Petitioner.

*Lynn Ricciardella*, U.S. Dep't of Justice, Washington, DC, for Respondent.


## Order Granting Petitioner's Supplemental Motion For Redaction[1]

On May 11, 2012, Katie Lamare filed this action seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program" or "Program").[2] Pet. (ECF No. 1); Am. Pet., filed Mar. 11, 2013 (ECF No. 24).[3] Petitioner alleges that she suffered a variety of

---

[1] Because this order contains a reasoned explanation for my action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended, 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published order's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole order will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758 (codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

[3] The original Petition that Ms. Lamare filed generally alleged that she had been injured as a result of her receipt of the HPV/Gardasil vaccinations, and the case was then assigned to Special Master Moran. Pet. at 2. Petitioner

injuries after receiving a series of human papillomavirus ("HPV") vaccinations between May of 2009 and February of 2010. Am. Pet. at 1.

In the fall of 2014, Ms. Lamare motioned for an interim fee award on behalf of her attorney, Paul Dannenberg, but I denied that request by a decision dated December 8, 2014 (ECF No. 63) ("Interim Fees Decision"). Petitioner subsequently requested, pursuant to Vaccine Rule 18(b), that I redact portions of the Interim Fees Decision referencing her name. Mot. for Redaction, filed Dec. 22, 2014 (ECF No. 64) ("Redaction Mot."). After consideration of the parties' briefs, I denied Petitioner's motion by an Order dated February 27, 2015 (ECF No. 68) ("Redaction Order"). Ms. Lamare then moved for reconsideration of the Redaction Order, and in so doing provided some additional substantiation for her request. ECF No. 69. I denied the motion for reconsideration in an Order filed on May 22, 2015, indicating that Ms. Lamare had still not established grounds for redaction. ECF No. 79. Petitioner, however, had previously filed a motion for review on March 27, 2015. ECF No. 71. The United States Court of Federal Claims upheld my decision to deny Petitioner's redaction request in an order filed on July 29, 2015. ECF No. 85.

During a status conference in this case on August 26, 2015, I invited Petitioner to provide additional support for her request for redaction of the Interim Fees Decision (and to renew her motion for redaction), and Respondent indicated that (under such circumstances) she would have no objection to redaction of the Interim Fees Decision. Accordingly, on October 21, 2015, Petitioner filed a Supplemental Motion for Reconsideration (now requesting only that Petitioner's name be substituted with her initials in said decision), arguing that the decision "contains medical and personal information which would constitute an unwarranted invasion of [P]etitioner's privacy pursuant to Rule 18(b)." ECF No. 89. Along with the renewed motion, Petitioner has filed an additional affidavit describing in further detail her symptoms, how they impact her and what effects disclosure would have on her and her future employment (Pet'r's Ex. 38).

**Analysis**

Ms. Lamare claims that she "received HPV/Gardasil vaccinations on May 18, 2009, August 18, 2009, and February 9, 2010," and that she was subsequently injured. Am. Pet. at 1-2. Ms. Lamare has now offered a second affidavit in an attempt to substantiate why disclosure of those injuries in the Interim Fees Decision is harmful to her, and it significantly strengthened her grounds for seeking redaction. Accordingly, upon review of the information provided, I find that Ms. Lamare's Supplemental Motion for Reconsideration remedies the deficiencies in her argument that caused me to deny the original Redaction Motion (as well as the Motion for Reconsideration). Ms. Lamare has now demonstrated that the Interim Fees Decision contains information the disclosure of which rises to the level of an unwarranted invasion of privacy.

---

subsequently filed an Amended Petition (as per Special Master Moran's December 11, 2012, order (ECF No. 15)) specifying the injuries that she alleges were caused by her receipt of the vaccinations in question. Am. Pet. at 1.

## CONCLUSION

For the reasons set forth above, Petitioner has established sufficient grounds for redaction of the Interim Fees Decision, and I therefore **GRANT** the Supplemental Motion for Reconsideration. Accordingly, the Interim Fees Decision[4] will be redacted so that the heading and body of the decision reflect only Petitioner's initials.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] I will also similarly redact my Order Denying Petitioner's Motion for Reconsideration (ECF No. 79) and my Order Denying Petitioner's Motion for Redaction (ECF No. 68), as both orders contain the same kind of specific information regarding Petitioner's alleged vaccine-related injuries.